# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**RAY M. HARRISON, Individually and
on behalf of all others similarly situated,**

      **Plaintiffs,**

**vs.**                             **Case No. 5:09-cv-12684-SJM-VMM**
                                       **Hon. Stephen J. Murphy III**

**FIRST INDEPENDENCE BANK,**

      **Defendant.**

| | |
|---|---|
| **MORRISSEY BOVE & EBBOTT, P.C.** | **GERALD VAN WYKE, P.C.** |
| **By:  Richard H. Ebbott (P13085)** | **By:  Gerald Van Wyke (P21785)** |
| **Attorney for Plaintiffs** | **Counsel for Defendant** |
| **221 W. Fifth Street** | **5440 Corporate Drive, Suite 250** |
| **Flint, Michigan  48502** | **Troy, Michigan  48098-2648** |
| **Tel. (810) 238-0455** | **Tel. (248) 641-7000** |

## FIRST INDEPENDENCE BANK'S ANSWER
## TO COMPLAINT AND AFFIRMATIVE DEFENSES

      FIRST INDEPENDENCE BANK ("FIB"), by its attorneys, Gerald Van Wyke,
P.C., answers Plaintiff's Complaint as follows:

      1.      FIB denies that it has violated the Electronic Fund Transfer Act, 15 U.S.C.
§1693 et seq. and related regulations found in 12 C.F.R. §205 et seq. (hereinafter referred to
collectively as the "EFTA"), denies that this action may properly be brought as a class action,
admits only that Plaintiff has filed this action on his own behalf and purports to bring the action
under the EFTA, and is without knowledge and information sufficient to form a belief as to the
truth of any remaining allegations in this paragraph.

      2.      Paragraph 2 contains conclusions of law to which no response is required.
Furthermore, Paragraph 2 merely purports to characterize the provisions of the EFTA, which

speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

       3.      Paragraph 3 contains conclusions of law to which no response is required. Furthermore, Paragraph 3 merely purports to characterize the provisions of the EFTA, which speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

       4.      Paragraph 4 contains conclusions of law to which no response is required. Furthermore, Paragraph 4 merely purports to characterize the provisions of the EFTA, which speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

       5.      Paragraph 5 contains conclusions of law to which no response is required. Furthermore, Paragraph 5 merely purports to characterize the provisions of the EFTA, which speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

       6.      Paragraph 6 contains conclusions of law to which no response is required. Furthermore, Paragraph 6 merely purports to characterize the provisions of the EFTA, which speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

       7.      Paragraph 7 contains conclusions of law to which no response is required. Furthermore, Paragraph 7 merely purports to characterize the provisions of the EFTA, which speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

8.      Paragraph 8 contains conclusions of law to which no response is required. Furthermore, Paragraph 8 merely purports to characterize the provisions of the EFTA, which speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

## JURISDICTION AND VENUE

9.      FIB admits the allegations in this paragraph.

10.      In response to the allegations in Paragraph 10, FIB admits only that it operates automated teller machines ("ATMs") in this judicial district, and is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph 10.

11.      In response to the allegations in Paragraph 11, FIB denies that it has committed any violations and/or omissions giving rise to the claims asserted herein, and admits that venue is proper in this judicial district in that Plaintiff's purported claim arose in this judicial district.

## PARTIES

12.      FIB is without knowledge and information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

13.      FIB admits the allegation contained in this paragraph.

14.      Paragraph 14 contains conclusions of law to which no response is required.  Furthermore, Paragraph 14 merely purports to characterize the provisions of the EFTA, which speak for themselves.  To the extent that a response is required, FIB admits the allegations contained in this paragraph.

## FACTS RELATED TO PLAINTIFFS' TRANSACTION

15.     FIB is without knowledge and information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

16.     FIB admits the allegations contained in this paragraph based on the extent of its current knowledge.

17.     In response to Paragraph 17, FIB admits that a fee of $2.75 is associated with the ATM at 2901 Grand River in Detroit, Michigan for non-customers, and FIB is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

18.     In response to Paragraph 18, FIB denies the allegation that the ATM at 2901 Grand River in Detroit, Michigan provided no notice apprising consumers that a fee would be charged for using the ATM, and FIB is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19.     In response to Paragraph 19, FIB denies the allegation that the ATM at 2901 Grand River in Detroit, Michigan provided no notice apprising consumers that a fee would be charged for using the ATM, and FIB is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## CLASS ALLEGATIONS

20.     FIB denies that it has violated the Electronic Fund Transfer Act, 15 U.S.C. §1693 et seq. and related regulations found in 12 C.F.R. §205 et seq., denies that this action may properly be brought as a class action, admits only that Plaintiff has filed this action on his own behalf and purports to bring this claim as a class action and is without knowledge and

information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

21.     FIB denies that it has violated the Electronic Fund Transfer Act, 15 U.S.C. §1693 et seq. and related regulations found in 12 C.F.R. §205 et seq., denies that this action may properly be brought as a class action, admits only that Plaintiff has filed this action on his own behalf and purports to bring this claim as a class action, and is without knowledge and information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

22.     Paragraph 22 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent that a response to these allegations is required, FIB denies the allegations in this Paragraph.

23.     FIB denies the propriety of the certification of any class, and is without knowledge and information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.

24.     FIB denies the propriety of the certification of any class, and is without knowledge and information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

25.     FIB is without knowledge and information sufficient to form a belief as to the truth of the matter asserted in this paragraph.  In further response, to the extent this paragraph states conclusions of law, no response is required, and FIB denies the propriety of the certification of any class.

26.     In response to the allegations in Paragraph 26, FIB admits only that Plaintiff purports to seek to represent a class of persons and has asserted claims of typicality, but

denies the propriety of such action and these allegations.  In further response, FIB denies that it engaged in any unlawful and willful misconduct and denies the propriety of the certification of any class, and FIB is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

27.     In response to the allegations in Paragraph 27, FIB admits only that Plaintiff purports to seek to represent a class of persons, but denies the propriety of such action and these allegations.  In further response, FIB denies that it engaged in any unlawful and willful misconduct and denies the propriety of the certification of any class, and FIB is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

28.     In response to the allegations in Paragraph 28, FIB admits only that Plaintiff purports to seek to represent a class of persons, but denies the propriety of such action and these allegations.  In further response, FIB denies that it engaged in any unlawful and willful misconduct and denies the propriety of the certification of any class, and FIB is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

29.     In response to the allegations in Paragraph 29, FIB admits only that Plaintiff purports to seek to represent a class of persons, but denies the propriety of such action and these allegations.  In further response, FIB denies that it engaged in any unlawful and willful misconduct and denies the propriety of the certification of any class, and FIB is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

30.     In response to the allegations in Paragraph 30, FIB admits only that Plaintiff purports to seek to represent a class of persons and claims he is an adequate representative, but denies the propriety of such action and these allegations.  In further response, FIB denies that it engaged in any unlawful and willful misconduct and denies the propriety of the certification of any class, and FIB is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

31.     FIB admits only that Plaintiff purports to seek to represent a class of persons, but denies the propriety of such action and these allegations.  In further response, FIB denies that it engaged in any unlawful or willful misconduct and denies the propriety of the certification of any class.  To the extent that a further response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

32.     Paragraph 32 contains conclusions of law to which no response is required.  Furthermore, Paragraph 32 merely purports to characterize the provisions of the EFTA, which being in writing speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.  In further response to the allegations in Paragraph 32, FIB denies that it has committed any violations and/or omissions giving rise to the claims asserted herein.

33.     Paragraph 33 contains conclusions of law to which no response is required.  Furthermore, Paragraph 33 merely purports to characterize the provisions of the EFTA, which being in writing speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

34.     Paragraph 34 contains conclusions of law to which no response is required.  Furthermore, Paragraph 34 merely purports to characterize the provisions of the

EFTA, which being in writing speak for themselves.  To the extent that a response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

35.     Paragraph 35 states conclusions of law to which no response is required. To the extent a response is required, FIB admits only that 12 C.F.R. §205.16 contains regulations applicable to the EFTA, and FIB is without knowledge and information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

36.     FIB denies the allegations in Paragraph 36.

37.     FIB denies the allegations in Paragraph 37.

38.     In response to the allegations in Paragraph 38, FIB denies that it has committed any violations and/or omissions giving rise to the claims asserted herein, and denies that the Court has unlimited discretion to award damages pursuant to 15 U.S.C. §1693m in a class action lawsuit.  Furthermore, Paragraph 38 merely purports to characterize the provisions of the EFTA, which speak for themselves.  To the extent that a further response is required, FIB denies the allegations, inferences and conclusions of law contained in this Paragraph.

39.     In response to the allegations in Paragraph 39, FIB denies that it engaged in any unlawful and willful misconduct, denies that Plaintiff is entitled to statutory damages, costs of suit and/or attorney's fees, and admits only that Plaintiff is seeking these types of damages.

**WHEREFORE**, First Independence Bank respectfully requests that this Court dismiss Plaintiff's Complaint, enter a judgment in favor of First Independence Bank and against

Plaintiff, deny any request for class treatment, and award First Independence Bank its costs and attorney fees.

Respectfully submitted,

_s/Gerald Van Wyke_
Gerald Van Wyke (P21785)
UFER & SPANIOLA, P.C.
Attorneys for Defendant
5440 Corporate Drive, Suite 250
Troy, MI  48098
(248) 641-7000
jwv@uferspan.com

Dated:  September 4, 2009

155785/090409/5

## **AFFIRMATIVE DEFENSES**

As and for its affirmative defenses, First Independence Bank states as follows:

1.      Plaintiff has, or may have, failed to state a claim against FIB.

2.      Plaintiff's claims are barred because FIB has complied with the EFTA and related regulations.

3.      Any claim by Plaintiff for actual damages is barred because Plaintiff has not suffered any actual damages as a result of any conduct by FIB.

4.      Plaintiff's claim is barred by 15 U.S.C. §1693h(d) because FIB complied with all notice requirements and any removal, damage or alteration of the notice was by a person other than FIB.

5.      Plaintiff's claims are barred to the extent they seek any remedy to which Plaintiff is not entitled under the civil liability provisions of the EFTA, including but not limited to the cap on damages applicable to class actions as set forth in 15 U.S.C. §1693m(a)(2)(B).

6.      Plaintiff's claims may not properly be maintained as a class action.

7.      FIB asserts the statutory defenses set forth in the EFTA, including those set forth in Section 915, codified at 15 U.S.C. §1693m, and all actions taken by FIB were done and taken in good faith.

8.      Plaintiff's claims are barred by his ratification and/or consent to the conduct of which he now complains.

9.      Plaintiff's claims are or may be barred by the voluntary payment doctrine.

10.      Plaintiff's claims may not properly be maintained as a class action because the proposed class is not sufficiently cohesive to satisfy the predominance requirement and identification of potential class members will be extremely burdensome and expensive.

11.     Plaintiff's claims may not properly be maintained as a class action because the named class representative is not or may not be an adequate representative under Rule 23(a)(4).

12.     Plaintiff's claims in his own behalf and on behalf of a purported class are or may be barred in whole or part by the applicable statute of limitations.

13.     Plaintiff is not a representative of a class of persons who may assert claims against FIB because FIB has not received any notice from any other person claiming a violation of the EFTA.

14.     Plaintiff's claims in his own behalf and on behalf of a purported class may be barred as a result of application of the doctrine of laches.

15.     Plaintiff has or may have waived the claims.

Because this lawsuit is in its early stages and no discovery has yet occurred, First Independence Bank reserves the right to amend the affirmative defenses listed above.


Respectfully submitted,


*s/Gerald Van Wyke*
Gerald Van Wyke (P21785)
GERALD VAN WYKE, P.C.
Attorneys for Defendant
5440 Corporate Drive, Suite 250
Troy, MI  48098
(248) 641-7000
jwv@uferspan.com

Dated:  September 4, 2009


155785/090409/5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 4, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the E.C.F. system, which will send notification of such filing to the following:

Richard H. Ebbott                                mbebbott@spcglobal.net

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None

Respectfully submitted,

*s/Gerald Van Wyke*____
Gerald Van Wyke (P21785)
GERALD VAN WYKE, P.C.
Attorneys for Defendant
5440 Corporate Drive, Suite 250
Troy, MI  48098
(248) 641-7000
jwv@uferspan.com

Dated:  September 4, 2009

155984

1